**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-61040
_____

DONNIE RAY STEVENSON,

                                        Plaintiff - Appellant,

                    versus

CONTINENTAL EAGLE CORPORATION, as successor
to Continental Gin Company and Continental
Moss-Gordin, Inc.; JOHN DOES,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
USDC No. 3:03-CV-322

_____

Before JOLLY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

    For the following reasons, we affirm the district court:

    1.  We find no material difference between this case and the claims made in Austin v. Will-Burt Co., 361 F.3d 862 (5th Cir. 2004).  Because Austin controls this case, we find that the district court did not err in granting the defendant's Motion for Judgment as a Matter of Law on plaintiff's defective design claim.

    2.  We further find that the district court did not abuse its discretion by refusing to allow the plaintiff to introduce an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exhibit showing that the defendant got eight responses to thousands of cautionary mail-outs it sent. No post-sale duty to warn exists under Mississippi law, nor may a party be held liable for negligent performance of a voluntary act unless the plaintiff detrimentally relied upon the performance. <u>Austin</u>, 361 F.3d at 870. It is clear that the plaintiff did not detrimentally rely on the mail-outs, as he admits to having no knowledge of them. Thus, the district court did not err in excluding this exhibit for relevance.

Accordingly, the judgment of the district court is

AFFIRMED.

2